### JACK BROWN v. THE STATE.

No. 10694.   Delivered June 22, 1927.

1.—Possessing Intoxicating Liquor—Requested Charge—On Circumstantial Evidence—Erroneously Refused.

Where, on a trial for possessing intoxicating liquor for the purpose of sale, the evidence only disclosed that officers found a gallon of whiskey, buried in the ground back of and near to appellant's place of business, it was error for the trial court to refuse a requested charge on circumstantial evidence.

2.—Same—Search Warrant—Sufficiency Of—Immaterial.

Where concealed whiskey was found in the rear of appellant's premises, the sufficiency of the search warrant to search his place of business was not

material, the finding of the whiskey not being the result of the search under the warrant.

Appeal from the District Court of Jefferson County. Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*F. G. Vaughn,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

There are three counts in the indictment. In his charge to the jury the learned trial judge confined them to consideration of the third count, which charged appellant specifically with possessing whiskey for the purpose of sale. Looking to the record, we observe that witnesses testified that when they went into appellant's place of business he went hastily into a rear room and poured something from a pitcher into a tub containing slop, swill, etc. The witnesses said they could not tell what was in the pitcher, but dipped up a quantity of the contents of the tub which was later analyzed by a chemist who said it contained seven per cent alcohol. There was no testimony showing that the contents of the pitcher was whiskey.

In the alley behind appellant's place, and not far from his rear door, the officers found a gallon of whiskey buried. Its proximity to his place seems to be relied upon to support the conviction in this case, and possession of this whiskey is the main reliance of the state.

There was an exception to the failure of the trial court to charge on circumstantial evidence, and a special charge was presented seeking to have the jury told this to be a case dependent upon such character of testimony. This was refused. In our opinion the learned trial judge fell into error in refusing to instruct the jury in accordance with this request. The testimony showed that there were a number of other business houses having back entrances near to that of appellant, whose occupants would have access to the place where the gallon of whiskey was

found buried. The witnesses testified that whiskey had been found in the rear of some of these other places.

No witness having testified that the whiskey belonged to appellant, or that it was found on his premises, or directly in his possession, we are of opinion that the case was one of circumstantial evidence.

Appellant complains in his fourth bill of exceptions of the refusal of his motion to strike out all the evidence introduced on the trial of this case, based on the proposition that the search warrant was not sufficient. The search warrant in this case was to search a place of business and is not governed by the special provisions of Art. 691 P. C., which is restricted to the search of private residences. The overruling of the motion was further not erroneous for the reason that the finding of the gallon of whiskey buried in the alley in the rear of appellant's business house, was not evidence of any facts found as the result of a search requiring the possession of a search warrant in order to legalize same. There are other bills of exception in the record which are not discussed, but none of which seem to present reversible error.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*